### ABBOT, (ROGERS v.)

[See Rogers v. Abbot, Case No. 12.004.]

---

### ABBOT, (UNITED STATES v.)

[See United States v. Abbot, Case No. 14,415.]

---

## Case No. 10.

### In re ABBOTT.

[1 Hask. 250.][1]

District Court, D. Maine. Nov., 1869.

BANKRUPTCY—INJUNCTION—EVIDENCE.

1. A court of bankruptcy may enjoin the debtor and any other person, pending involuntary proceedings, from conveying away, disposing of, or interfering with, any property once owned by the debtor, and claimed to have been fraudulently transferred by him and concealed, upon prima facie proof of the fraud.

2. A motion to dissolve such injunction should not be granted, unless facts are shown, making such action just toward the creditors.

3. The withholding of books of account by a party in interest works a prejudice to his cause.

In bankruptcy. Motion to dissolve an injunction, granted, pending involuntary proceedings, restraining the debtor and Roscoe L. Bowers from conveying or disposing of certain property claimed to have been conveyed and disposed of by the debtor in fraud of the bankrupt act. The petitioning creditors objected, and the cause was submitted upon affidavits filed by both parties. The opinion is not printed in full. Some parts of it, dealing with facts, are omitted on account of their great length and particularity of circumstance.

Edwin B. Smith, for bankrupt, and Almon A. Strout and George F. Shepley, for Bowers, in support of the motion.

Edward Eastman and Josiah H. Drummond and Woodbury Davis, for creditors, contra.

[1][Reported by Thomas Hawes Haskell, Esq., and here reprinted by permission.]

FOX, District Judge. A petition has been presented by Wm. M. Price et als., creditors of Wm. F. Abbott, praying that he may be adjudged a bankrupt; at the same time application was made for an injunction, to restrain the debtor and one Roscoe L. Bowers, who was charged with aiding the bankrupt in a fraudulent sale, concealment, and removal of his property, from removing, disposing, or interfering with the property, until the further order of the court. Upon the affidavit of one Lothrup, the injunction was ordered. The present motion is in behalf of Bowers to dissolve the injunction, and is sustained by his own affidavit as well as that of Abbott, and is approved by the affidavit of Mr. Eastman, a solicitor for the creditors. The injunction was granted under the provisions of the 4th sec. of the bankrupt act, which authorizes the court, upon commencement of involuntary proceedings, "to restrain the debtor and any other person, from making any transfer or disposition or any part of the debtor's property, not excepted by this act from the operation thereof, and from any interference therewith." Some discussion was had at the bar as to the operation and extent of the provision, and whether it was applicable to property once belonging to the debtor, but of which it was claimed he had made a transfer in violation of the provisions of the bankrupt act. In my view, the provision is applicable to all property, which under the act would vest in the assignee, and which it would be his duty to claim for the benefit of the estate; not only that in the actual possession of the debtor at the commencement of bankrupt proceedings, and to which his title is indisputable, but to all other estate of which he has made any fraudulent transfer or concealment; and on the court being satisfied by prima facie proof that the property has been thus fraudulently transferred or concealed, the parties should be enjoined and restrained from any interference with it until the determination of the question of bankruptcy. On the affidavit of Lothrup a prima facie case was presented which justified the injunction as ordered by the court.

From the affidavits, it appears that Abbott has been for some years a cigar maker in Saco, pretty extensively engaged in the business, and as he states, without keeping proper books of account, so as to be fully informed as to his standing and condition.

Abbott says that in January last he engaged Bowers to straighten out his affairs and keep his books; and for this purpose, an account of stock was taken and a new set of books opened by Bowers. Both swear that they believed Abbott was solvent. Bowers purchased from Abbott all the cigars he manufactured from April 10th, to Sept. 24th, 1869. The whole amount sold by Abbott in 1869 being 932 M. Besides the sale of the cigars, Bowers claims that between May 13th, and Aug. 25th, Abbott consigned to him $10,073.44 of stock and pipes, on which he advanced $12,075.75. Abbott failed on or about Sept. 28th, owing $35,000, $25,115 of which was for stock and fixtures purchased since May 13th. His assets consisted of $500 of stock under attachment, and stock and fixtures sold Bowers Sept. 28th for $1,526, and notes amounting to $6,000 or $8,000, of not much value.

The fairness and good faith of all these transactions between Bowers and Abbott are set forth repeatedly in the strongest language in their respective affidavits, and these averments have not escaped the attention of the court. A critical examination of Bowers' dealings with Abbott, so far as they have seen proper to explain and develop them by their affidavits, does not satisfy me that it would be just towards the creditors to remove and dissolve the injunction. Much more light might and should have been thrown on their dealings, and a more complete and satisfactory exposure of them could have been presented; but they have seen fit to deal in general denials and assertions, without going into a fair exhibit of the accounts, and purchases, and cost of the property thus acquired by Bowers. If I am in error then in any of my calculations or facts, it is rather owing to the darkness and uncertainty with which they have seen fit to obscure their dealings, than to any failure of investigation on my part, as I have twice carefully read over their affidavits in order to be fully conversant with their contents. The books of Abbott which are in the handwriting of Bowers, and wholly kept by him, have not been produced at the hearing, but although called for by the creditors' attorney, have been kept back, Bowers contenting himself by stating in his supplemental affidavit that nothing appears therein inconsistent with his statements. Under the circumstances, it would have been altogether more satisfactory for the court to have ascertained this fact by a personal examination of the books, rather than from the statement of a party in interest whose relations are such with the debtor, that no doubt can be entertained that the books would have been present, if it had been thought for the interest of Bowers that they should have been produced. From their non-production under the circumstances, I cannot but conclude, that in some way they would have afforded evidence detrimental to these parties, and that for reason satisfactory to themselves they have seen fit to withhold them from the court. I think that matters should remain as they now are until an investigation can be had by an assignee.

Motion overruled.

ABBOTT, (The JAMES T.)
[See The James T. Abbott, Case No. 7,202.]